MICHAEL FAILLACE & ASSOCIATES, P.C.
Sara Isaacson, Esq. [SI 8937]
60 East 42nd Street, Suite 4510
New York, New York 10165
Phone: (212) 317-1200
Fax: (212) 317-1620
Email: sisaacson@faillacelaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-----------------------------------------------------X

JOSE A. VILLATORO, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

CALLICO CONSTRUCTION CORP. (d/b/a CALLICO CONSTRUCTION COMPANY), GLENN J. CANCRO and ALAN CANCRO,

*Defendants.*

-----------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Jose A. Villatoro (“Plaintiff Villatoro ” or “Mr. Villatoro”), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., alleges upon information and belief, and as against each of defendants Callico Construction Corp. (d/b/a Callico Construction Company) (“Defendant Corporation”), Glenn J. Cancro and Alan Cancro (collectively, “Defendants”), as follows:

## NATURE OF ACTION

1. Plaintiff Villatoro is a former employee of Defendants Callico Construction Corp. (d/b/a Callico Construction Company), Glenn J. Cancro and Alan Cancro.

2. Callico Construction Corp. is a construction company owned by Glenn J. Cancro and Alan Cancro located at 13-15 Wright Avenue #15, Jersey City, New Jersey, 07306-6417.

3. Upon information and belief, Defendants Glenn J. Cancro and Alan Cancro serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate the construction company.

4. Plaintiff Villatoro is a former employee of Defendants.

5. Plaintiff Villatoro was primarily employed as a carpenter and construction worker.

6. At all times relevant to this Complaint, Plaintiff Villatoro worked for Defendants in excess of 40 hours per week, without receiving the appropriate compensation for the hours over 40 per week that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of his hours worked and failed to pay Plaintiff Villatoro additional overtime premium for any hours worked over 40.

8. Defendants' conduct extended beyond Plaintiff Villatoro to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Villatoro and other employees to work in excess of forty (40) hours per week without providing them the overtime compensation required by federal and state law and regulations.

10. Plaintiff Villatoro now brings this action on behalf of himself, and others similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA").

11. Plaintiff Villatoro seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question).

13. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Villatoro was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

14. Plaintiff Villatoro is an adult individual residing in Jersey City, New Jersey.

15. Plaintiff Villatoro was employed by Defendants from approximately January 1994 until on or about January 24, 2017.

16. Plaintiff Villatoro consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

17. At all times relevant to this complaint, Defendants own, operate, and/or control a construction company located at 13-15 Wright Avenue #15, Jersey City, New Jersey, 07306-6417 under the name "Callico Construction Corp."

18. Upon information and belief, Callico Construction Corp., LLC ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains its principal place of business at 13-15 Wright Avenue #15, Jersey City, New Jersey, 07306-6417.

19. Defendant Alan Cancro is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Alan Cancro is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

20. Defendant Alan Cancro possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

21. Defendant Alan Cancro determined the wages and compensation of the employees of Defendants, including Plaintiff Villatoro, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

22. Defendant Glenn J. Cancro is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Glenn J. Cancro is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

23. Defendant Glenn J. Cancro possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

24. Defendant Glenn J. Cancro determined the wages and compensation of the employees of Defendants, including Plaintiff Villatoro, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

25. Defendants operate a construction company located at 13-15 Wright Avenue #15, Jersey City, New Jersey, 07306-6417.

26. Individual Defendants Glenn J. Cancro and Alan Cancro possess operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

27. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

28. Each Defendant possessed substantial control over Plaintiff Villatoro's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Villatoro, and all similarly situated individuals, referred to herein.

29. In the alternative, Defendants constitute a single employer of Plaintiff Villatoro and/or similarly situated individuals.

30. Upon information and belief, individual defendants Glenn J. Cancro and Alan Cancro operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b) defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for their own benefit as the sole or majority shareholder;

(e) operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f) intermingling assets and debts of their own with Defendant Corporation;

(g) diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

31. At all relevant times, Defendants were Plaintiff Villatoro's employers within the meaning of the FLSA.

32. Defendants had the power to hire and fire Plaintiff Villatoro, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Villatoro's services.

33. In each year from 2014 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used by the

construction company on a daily basis, such as grass mowers and trimmers, were produced outside of the State of New York.

*Individual Plaintiff*

35. Plaintiff Villatoro is a former employee of Defendants, employed as a carpenter and construction worker.

36. Plaintiff Villatoro seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Jose A. Villatoro*

37. Plaintiff Villatoro was employed by Defendants from approximately January 1994 until on or about January 24, 2017.

38. At all relevant times, Plaintiff Villatoro was employed by Defendants as a carpenter and construction worker.

39. Plaintiff Villatoro regularly handled goods in interstate commerce, such as construction tools produced outside of the State of New York.

40. Plaintiff Villatoro's work duties required neither discretion nor independent judgment.

41. Throughout his employment with Defendants, Plaintiff Villatoro regularly worked in excess of 40 hours per week.

42. From approximately November 2014 until on or about January 24, 2017, Plaintiff Villatoro worked from approximately 7:00 a.m. until on or about 6:30 p.m., four days a week, from approximately 7:00 a.m. until on or about 5:30 p.m. on Fridays, and from approximately 7:00 a.m. until on or about 4:30 p.m. on Saturdays (typically 66 hours per week).

43. From approximately November 2014 until on or about January 24, 2017, Plaintiff Villatoro was paid for 40 hours of his week by check, and his overtime hours were paid in cash at a regular rate.

44. From approximately November 2014 until on or about February 2016, Plaintiff Villatoro was paid $20.00 per hour.

45. From approximately March 2016 until on or about January 24, 2017, Plaintiff Villatoro was paid $22.00 per hour.

46. Plaintiff Villatoro's pay did not vary even when he was required to start earlier, stay later or work a longer day than his usual schedule.

47. In fact, Defendants required Plaintiff Villatoro to start working one hour prior to his scheduled start time every day and to continue working 30 minutes to one hour past his scheduled departure time twice a week, and did not compensate him for the additional time they required him to work.

48. Plaintiff Villatoro was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as a time clock or punch cards, that accurately reflected his actual hours worked.

49. Instead, Plaintiff Villatoro was required to write a daily report of his hours stating as his starting time 8:00 a.m. instead of 7:00 a.m. and not reporting his late departure time twice a week.

50. Defendants never provided Plaintiff Villatoro with an accurate written notice, of his rate of pay, employer's regular pay day, and such other information.

51. No notification, either in the form of posted notices or other means, was ever

given to Plaintiff Villatoro regarding overtime and wages under the FLSA.

52. Defendants required Plaintiff Villatoro to purchase "tools of the trade" with his own funds- including 6 hammers, 8 tool belts, 2 circular saws, 4 tool boxes and 72 packages of gloves.

*Defendants' General Employment Practices*

53. Defendants regularly required Plaintiff Villatoro to work in excess of forty (40) hours per week without paying him the proper overtime wages.

54. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Villatoro (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate overtime compensation, as required by federal and state laws.

55. Defendants paid Plaintiff Villatoro his weekly wages in a combination of check for the first 40 hours and cash for overtime hours.

56. Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act by neglecting to maintain accurate and complete timesheets and payroll records.

57. By employing these practices, Defendants avoided paying Plaintiff Villatoro overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

58. Defendants failed to post required wage and hour posters in the construction company, and did not provide Plaintiff Villatoro with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and

hour laws, and to take advantage of Plaintiff Villatoro's relative lack of sophistication in wage and hour laws.

59. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Villatoro (and similarly situated individuals) worked, and to avoid paying Plaintiff Villatoro properly for (1) his full hours worked and (2) for overtime due.

## FLSA COLLECTIVE ACTION CLAIMS

60. Plaintiff Villatoro brings his FLSA overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

61. At all relevant times, Plaintiff Villatoro and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay of one and one-half times their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

62. The claims of Plaintiff Villatoro stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

63. Plaintiff Villatoro repeats and realleges all paragraphs above as though fully set forth herein.

64. At all times relevant to this action, Defendants were Plaintiff Villatoro's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Villatoro (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

65. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

66. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

67. Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Villatoro (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

68. Defendants' failure to pay Plaintiff Villatoro (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

69. Plaintiff Villatoro (and the FLSA Class members) were damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Villatoro respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Villatoro and the FLSA class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Villatoro's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Villatoro and the FLSA class members;

(e) Awarding Plaintiff Villatoro and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f) Awarding Plaintiff Villatoro and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Awarding Plaintiff Villatoro and the FLSA class members damages for the amount of unpaid overtime wages as well as damages for any improper deductions or credits

taken against wages;

(h) Awarding Plaintiff Villatoro and the FLSA class members pre-judgment and post-judgment interest as applicable;

(i) Awarding Plaintiff Villatoro and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(j) All such other and further relief as the Court deems just and proper.

Dated: New York, NY
November 27, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

/s/ Sara Isaacson
By: Sara Isaacson, Esq. [SI 8937]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Phone: (212) 317-1200
Fax: (212) 317- 1620
Email: sisaacson@faillacelaw.com
*Attorneys for Plaintiff*

Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 20, 2017

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name/ Nombre: Jose A. Villatoro

Legal Representative/ Representante Legal: Michael Faillace & Associates, P.C.

Signature/ Firma: [signature]

Date/ Fecha: November 20, 2017